UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT CARRASCO,<br><br>                             Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | Case No.:  3:17-cv-02498-GPC-AGS<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 753(f)**<br><br>**[ECF No. 16]** |

      Before the Court is a motion filed by Petitioner for government-paid transcripts of Petitioner's arraignment and related matters under 28 U.S.C. § 753(f).  For the reasons discussed below, the Court DENIES the motion.

      On December 11, 2017, Petitioner initiated this suit against the United States of America.  The initial filing is styled as a "writ of habeas corpus ad satisfaciendo."  (ECF No. 1.)  The petition complains that in a criminal proceeding—which appears to be ongoing before Judge Sammartino, *see United States v. Carrasco*, No. 3:17-cr-03938-JLS (S.D. Cal.)—Petitioner's counsel failed to make certain objections during Petitioner's initial appearance, and as a result, Petitioner has been detained.  (ECF No. 1 at 2–3.)  Petitioner also contends that his defense counsel improperly sought a continuance of Petitioner's preliminary hearing.  (*Id.* at 5–6.)  Along with his petition, Petitioner filed a motion for leave to proceed in forma pauperis.  (ECF No. 2.)  On December 19, 2017, the

Court issued a ruling denying the motion to proceed in forma pauperis and dismissing the petition. The Court explained that Petitioner's in forma pauperis motion did not include a required prison certificate showing the amount of money or securities Plaintiff had in his account. (ECF No. 3 at 1.) Petitioner filed a notice of appeal. (ECF No. 7.) He now moves for government-paid transcripts from his criminal proceeding. (ECF No. 16.)

Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Here, the Court finds that Petitioner's appeal of the Court's denial of Petitioner's IFP motion is frivolous and does not present a substantial question.

In its order denying Petitioner's IFP motion, the Court construed the petition as falling under 28 U.S.C. § 2254. (*See* ECF No. 3.) On further review, the Court finds that it is more appropriate to construe the petition as falling under 28 U.S.C. § 2241 because Petitioner is challenging his detention in federal custody prior to final judgment in a criminal case. Nonetheless, even construing the petition as falling under 28 U.S.C. § 2241, denial of Petitioner's IFP motion was proper because Petitioner was still required to file a prison certificate. *See* S.D. Cal. Civ. R. 3.2(b) ("In actions by incarcerated persons who seek to bring a civil action . . . in forma pauperis, the affidavit requesting leave to proceed in forma pauperis must contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."). Denial of Petitioner's IFP motion was therefore proper, and his appeal of the Court's order lacks merit. As a result, the appeal does not present a substantial question. The Court therefore DENIES the motion.

The Court notes that after Petitioner filed his notice of appeal, he perfected his motion for leave to proceed in forma pauperis by filing a prison certificate. (*See* ECF Nos. 10, 14.) However, because a notice of appeal has been filed and the appeal is ongoing, this Court lacks jurisdiction to continue proceedings in this case. *See*

*Hutchinson v. Seagate Tech., LLC*, 2004 WL 2314636, at *1 (N.D. Cal. Oct. 14, 2004) ("When a notice of appeal has been timely filed, jurisdiction over any matters involved in the appeal is transferred immediately from the district court to the court of appeals.").

**IT IS SO ORDERED.**

Dated: January 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge